UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                               :

WARSHAW GROUP INC.,                    :
                                               :

                      Plaintiff,        :

                                               :                  23 Civ. 1916 (JPC)

        -v-                       :

                                             :                     <u>ORDER</u>

                                             :

MATERIALINK LLC,                     :

                                           :

                      Defendant.     :

                                             :
--------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On September 13, 2023, the Court found Defendant Materialink LLC, who failed to defend or otherwise appear in the action, liable for breach of contract, and so entered a default judgment award in favor of Plaintiff Warshaw Group Inc. in the amount of $166,704.48, with pre-judgment interest in the amount of $22,118.08 and post-judgment interest accruing in accordance with 28 U.S.C. § 1961.  *See* Dkts. 32 (judgment), 33 (transcript of default judgment hearing).  In seeking information relevant to the satisfaction of this judgment, Plaintiff served a subpoena personally on Defendant's registered agent, James Smith, on November 28, 2023.  *See* Dkt. 40 ("Ezraty Decl.") ¶¶ 5, 6; *see also id.*, Exhs. B (copy of the information subpoena), C (affidavit of service for the subpoena).  Defendant did not respond.  Then, on December 18, 2023, Plaintiff attempted to reach Mr. Smith through e-mail to seek compliance with the information subpoena, but that effort also went ignored.  Ezraty Decl. ¶ 7; *id.*, Exh. D (copy of Plaintiff's December 18, 2023 e-mail to James Smith).

      Plaintiff represents that Defendant has yet to respond to the information subpoena, and so moves to compel Defendant's response, requests that this Court hold Defendant in contempt, and

urges this Court to reserve jurisdiction to award Plaintiffs any fees and costs incurred in connection with Defendant's failure to answer the subpoena.  *See generally* Dkt. 39 (Plaintiff's motion).  Plaintiff delivered the instant motion via first-class mail on Mr. Smith on January 30, 2024, and personally served the motion on Mr. Smith the next day.  *See* Dkts. 42, 43.  To date, the docket reflects no response from Defendant.

Pursuant to Federal Rule of Civil Procedure 69, a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located and may rely on federal or state discovery procedures to obtain information relevant to the satisfaction of a judgment.  *See* Fed. R. Civ. P. 69(a)(1), (2).  As applicable here, under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment.  *See* N.Y. C.P.L.R. § 5223.  If the recipient of an information subpoena fails to respond within seven days, a court may order compliance.  *See id.* §§ 2308(b)(1), 5224(a)(3); *see also* Fed. R. Civ. P. 37(a)(1).

As a judgment creditor, Plaintiff is entitled to the information requested in the information subpoena, which was properly served on Defendant and seeks to identify suitable assets to satisfy the Court's September 13, 2023 judgment.  *See generally* Ezraty Decl., Exh. B (copy of the information subpoena).  As this information is discoverable under Federal Rule of Civil Procedure 69(a)(2), the Court grants Plaintiff's motion to compel.  In addition, the Court reserves its jurisdiction to award any appropriate fees and costs incurred by Plaintiff in connection with Defendant's noncompliance with the subpoena.

The Court finds that Plaintiff's motion for contempt is premature at this juncture, however.  "Although Rule 45(g) permits a court to hold a person in contempt for failure to obey a subpoena 'without adequate excuse,' 'courts in the Second Circuit have often held that . . . a court should

2

first issue an order compelling compliance with the subpoena.'" *Kerr v. Thomas*, No. 14 Civ. 9168 (KBF) (HBP), 2017 WL 485041, at *4 (S.D.N.Y. Feb. 3, 2017) (quoting *In re Application of Kingdom of Morocco*, Misc. No. M8-85 (KMW), 2009 WL 1059786 at *2 (S.D.N.Y. Apr. 16, 2009)) (alteration in original), *adopted sub nom. Kerr v. John Thomas Fin.*, 2017 WL 1609224 (S.D.N.Y. May 1, 2017).  "Additionally, New York law requires a court order before a failure to comply with an information subpoena is punishable by contempt," given that an information subpoena is a "nonjudicial subpoena," the enforcement of which is governed by Section 2308 of the New York Civil Practice Law and Rules.  *Id.* (citations omitted); *see also* N.Y. C.P.L.R. § 5224(a)(3)(iv) (explaining that Section 2308 governs the failure to comply with an information subpoena).  Accordingly, the Court declines at this stage to hold Defendant in contempt for its failure to respond to Plaintiff's information subpoena.

For the foregoing reasons, Plaintiff's motion to compel is granted and its motion to hold Defendant in contempt is denied without prejudice.  Defendant is ordered to provide full and complete responses to the subpoena no later than thirty days from the date of this Order.  Defendant is cautioned that it may be immediately held in contempt of court for failure to comply with the instant Order.

Plaintiff shall serve its information subpoena once again and the instant Order on Defendant via first-class mail, with a return receipt requested, and via email no later than three days from the date of this Order, and it shall file proof of service on the docket within two days of such service.

SO ORDERED.

Dated: June 3, 2024
     New York, New York

                                             JOHN P. CRONAN
                              United States District Judge