UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
WARSHAW GROUP INC.,                                                :
:
                    Plaintiff,                                       :
:      23 Civ. 1916 (JPC)
      -v-                                                            :
:      ORDER
:
MATERIALINK LLC,                                                   :
:
                    Defendant.                                       :
:
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       On September 13, 2023, the Court entered a default judgment award against Defendant Materialink LLC and in favor of Plaintiff Warshaw Group Inc. in the amount of $166,704.48, with pre-judgment interest in the amount of $22,118.08 and post-judgment interest accruing in accordance with 28 U.S.C. § 1961.  *See* Dkts. 32 (judgment), 33 (transcript of default judgment hearing).  Plaintiff subsequently served an information subpoena on Defendant's registered agent, *see* Dkt. 47 ¶ 5; *id.*, Exh. B (copy of information subpoena), to which the Defendant did not respond.  The Court granted Plaintiff's motion to compel compliance with the subpoena on June 3, 2024, reserving its jurisdiction to award any appropriate fees and costs incurred by Plaintiff in connection with Defendant's noncompliance with the subpoena.  Dkt. 44.  That June 3 Order directed Defendant to respond to the subpoena within thirty days, and cautioned Defendant "that it may be immediately held in contempt of court for failure to comply with the instant Order."  *Id.* at 3.  The Court, however, denied without prejudice Plaintiff's motion to hold Defendant in contempt as premature.  *Id.*

Defendant did not comply with the June 3 Order by once again failing to respond to the information subpoena. On July 3, 2024, Plaintiff moved for an order for contempt of court for non-compliance with the subpoena, arguing that Defendant should be "subject to a fine and/or imprisonment." Dkt. 48 ("Motion") at 4. Plaintiff also asked the Court to reserve jurisdiction to award Plaintiff any fees and costs incurred in connection with Defendant's failure to answer. *Id.* at 4-5. For the following reasons, the Court grants Plaintiff's motion.

Federal Rule of Civil Procedure 69(a) allows for a judgment creditor such as Plaintiff to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Under New York law, a judgment creditor may use an information subpoena to compel disclosure of information "relating to the judgment-debtor's assets and any other matters relevant to the satisfaction of the judgment." *Blue Citi LLC v. 5Barz Int'l Inc.*, No. 16 Civ. 9027 (VEC), 2019 WL 10890126, at *1 (S.D.N.Y. Feb. 6, 2019) (internal quotation marks omitted); *see also* N.Y. C.P.L.R. §§ 5223-5224. An entity's failure to comply with a subpoena is punishable by contempt. Fed. R. Civ. P. 45(g); *see also* N.Y. C.P.L.R. § 2308.

"A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks omitted). Civil contempt sanctions "generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Perfect Fit Indus., Inc. v. Acme Quilting*

*Co.*, 673 F.2d 53, 56 (2d Cir. 1982). When the purpose is coercive, "the district court has broad discretion to design a remedy that will bring about compliance." *Id.* at 57. Still, "a court is obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (internal quotation marks omitted). "Several factors should be considered in the exercise of this discretion, including the 'character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance,' and the 'amount of the contemnor's financial resources and the consequent seriousness of the burden to him.'" *Perfect Fit Indus.*, 673 F.2d at 56 (alterations adopted) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)).

The Court holds Defendant in contempt for its failure to comply with the June 3 Order because all three prongs of the civil contempt test are met. The Court's June 3, 2024 Order clearly and unambiguously ordered "Defendant . . . to provide full and complete responses to the subpoena no later than [July 3, 2024]." Dkt. 44 at 3. Plaintiff served its information subpoena along with the June 3 Order on Defendant, *see* Dkt. 45 (affidavit of service), yet Defendant still has not responded to the subpoena, Motion at 2, showing clearly and convincingly that Defendant knowingly disregarded the Court's Order. Finally, the fact that Defendant has not provided any responses to the information subpoena establishes that Defendant has not attempted to comply with the Court's Order in a reasonable manner.

Applying the *Perfect Fit Industries* factors, the Court imposes upon Defendant a coercive fine, designed to compel compliance with the Court's June 3 Order. Defendant was explicitly warned that it could be held in contempt for failure to comply with that Order, Dkt. 44 at 3, and its failure to comply threatens Plaintiff's ability to collect on its judgment. The Court finds that the following progressive sanctions are the least severe contempt sanctions that would be adequate to

3

secure compliance: (1) a daily fine of $300, to be paid to the Clerk of Court, starting on November 21, 2024, which is seven days after the date of this Order, until the sooner of thirty days from the date of this Order, *i.e.*, December 14, 2024, or the date Defendant responds to Plaintiff's information subpoena; and (2) beginning thirty-one days from the date of this Order, *i.e.*, December 15, 2024, if Defendant has not responded, a coercive fine of $600 per day, also to be paid to the Clerk of the Court, until Defendant does so respond.  Given the coercive purpose of the sanction, however, the fine should not continue in perpetuity.  Rather, the fine shall continue until ninety days from the date of this Order, *i.e.*, February 12, 2025.  At that point, should Plaintiff seek further coercive sanctions beyond February 12, 2025, Plaintiff must make a new application to the Court.  In addition, the Court reserves its jurisdiction to award any appropriate fees and costs incurred by Plaintiff in connection with Defendant's noncompliance with the subpoena.

Plaintiff shall serve its information subpoena once again and the instant Order on Defendant via first-class mail, with a return receipt requested, and via email no later than the close of business of today, November 14, 2024, and it shall file proof of service on the docket within two days of such service.

SO ORDERED.

Dated: November 14 2024
New York, New York

JOHN P. CRONAN
United States District Judge