```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                   :
WARSHAW GROUP INC.,                                :
                                                   :
                        Plaintiff,                 :
                                                   :
            -v-                                    :       23 Civ. 1916 (JPC)
                                                   :
                                                   :       ORDER
MATERIALINK LLC,                                   :
                                                   :
                        Defendant.                 :
                                                   :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

After the Court entered a default judgment against Defendant Materialink LLC in September 2023, *see* Dkts. 32 (judgment), 33 (transcript of default judgment hearing), Plaintiff Warshaw Group Inc. served an information subpoena on Materialink's registered agent, James Smith, Dkt. 53 ("Ezraty Decl.") ¶ 5; *id.*, Exhs. B (copy of subpoena), C (affidavit of service). Materialink failed to respond, and so on June 3, 2024, the Court granted Warshaw Group's motion to compel compliance with the subpoena, reserving its jurisdiction to award any appropriate fees and costs and denying without prejudice as premature Warshaw Group's motion to hold Materialink in contempt. Dkt. 44. The Court did, however, caution Materialink "that it may be immediately held in contempt of court for failure to comply with the instant Order." *Id.* at 3.

Materialink continued to fail to respond to the information subpoena. Dkt. 48 at 2. On July 3, 2024, Warshaw Group moved for sanctions, arguing that Materialink and Smith should be held in contempt and fined and/or imprisoned for failing to comply with the Court's June 3 Order. Dkts. 46-48. Warshaw Group also asked the Court to reserve jurisdiction to award any fees and costs incurred in connection with Materialink's failure to answer the information subpoena. *Id.*

On November 14, 2024, the Court held Materialink in contempt and imposed upon it a coercive fine. Dkt. 50 at 3-4. The Court ordered Materialink to pay: (1) a daily fine of $300, to be paid to the Clerk of Court, starting on November 21, 2024, until the sooner of December 14, 2024 or the date Materialink responded to Warshaw Group's information subpoena; and (2) beginning December 15, 2024, if Materialink had not responded to the subpoena, a coercive fine of $600 per day, also to be paid to the Clerk of the Court, until the sooner of February 12, 2025 or the date Materialink responded to the subpoena. *Id.* at 4. The Court again reserved its jurisdiction to award any fees and costs, and informed Warshaw Group that it must make a new application should it seek further coercive sanctions beyond February 12, 2025. *Id.*

Materialink still has not responded to the information subpoena. Dkt. 54 ("Motion") at 2. To date, Materialink also has failed to pay any portion of the monetary sanctions imposed by the November 14 Order. On February 14, 2025, Warshaw Group filed another motion for sanctions, Dkts. 52-54, this time requesting that the Court hold Materialink in contempt and order "the imprisonment of [Materialink's] principal James Smith" until Materialink complies with the information subpoena. Motion at 2-3. Warshaw Group also requests that the Court award it the fees and costs incurred in connection with Materialink's failure to answer the subpoena. *Id.* at 4. On May 20, 2025, the Court ordered Materialink and Smith each to show cause why they should not be held in contempt. Dkt. 56; *see also* Dkt. 57 (affidavit of service on Materialink); Dkt. 59 (affidavit of personal service on Smith). Neither Materialink nor Smith responded to that Order.

"A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys.*

2

*Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks omitted).  Civil contempt sanctions "generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 56 (2d Cir. 1982).  When the purpose is coercive, "the district court has broad discretion to design a remedy that will bring about compliance." *Id.* at 57.  Still, "a court is obliged to use the least possible power adequate to the end proposed." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (internal quotation marks omitted).  "Several factors should be considered in the exercise of this discretion, including the 'character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance,' and the 'amount of the contemnor's financial resources and the consequent seriousness of the burden to him.'" *Perfect Fit Indus.*, 673 F.2d at 57 (alterations adopted) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)).

The Court holds Materialink in contempt for its persistent failure to comply with judicial orders.  The Court's Orders are clear and unambiguous.  On June 3, 2024, the Court ordered Materialink "to provide full and complete responses to the subpoena no later than [July 3, 2024]." Dkt. 44 at 3.  On November 14, 2024, as detailed above, the Court ordered Materialink to pay daily monetary fines to the Clerk of Court until February 12, 2025 or until it complied with the June 3 Order.  Dkt. 50.  And on May 20, 2025, the Court ordered Materialink to "show cause, in writing, why [it] should not be held in civil contempt for Materialink's failure to comply with" those June 3 and November 14 Orders.  Dkt. 56.  Despite these unambiguous instructions from the Court, Materialink has not responded to the information subpoena, has not paid the monetary fine to the Clerk of Court, and has not responded to the Order to Show Cause.  Warshaw Group served all

3

three of these Orders on Materialink, *see* Dkts. 45, 51, 57, as well as its two motions for sanctions, *see* Dkts. 49, 55, showing clearly and convincingly that Materialink knowingly disregarded the Court's prior Orders. Nor has Materialink attempted to comply with any of these Orders in a reasonable manner. In fact, Materialink appears to have deleted the email address that Warshaw Group previously used to communicate with it, potentially indicating an intent to subvert the Court's Orders. *See* Motion at 2; Dkt. 53, Exh. G (notice of email returned as undeliverable).

Materialink has been warned multiple times that it may be sanctioned for its failure to comply with the Court's Orders, *see* Dkt. 44 at 3; Dkt. 56, and its failure to comply threatens to impede Warshaw Group's ability to collect on its judgment. Considering the *Perfect Fit Industries* factors, the Court imposes an increased coercive fine on Materialink, designed to compel compliance with the thus-far ignored Orders. Although the Court has already imposed monetary sanctions on Materialink, it cannot at this point conclude that *no* monetary fine could effectively bring about compliance. Accordingly, Materialink shall pay a daily fine of $1,000, beginning fourteen days from the date of this Order (*i.e.*, July 8, 2025), until the sooner of seventy-four days from the date of this Order (*i.e.*, September 6, 2025) or the date that Materialink responds to the information subpoena. The Court finds that the above monetary sanction is the least severe contempt sanction that would be adequate to secure compliance with the June 3 and November 14 Orders.

The Court declines at this time to hold Smith in contempt for Materialink's failure to comply with the Court's Orders. It is true that a "command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs." *Wilson v. United States*, 221 U.S. 361, 376 (1911). This means that "[e]ven when corporate officers are not a party to the original action, if they prevent compliance or fail to take appropriate action within their

4

power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 100 (2d Cir. 2016) (internal quotation marks omitted).  Thus, if Smith "both had the power to force [Materialink] to comply and failed to take appropriate action within his power to prevent [Materialink] from violating" the Court's Orders, then he could be held in contempt.  *Id.*  Smith appears to be the registered agent, President, and CEO of Materialink.  *See* Dk. 1-2 at 13 (contract signed by Smith in January 2018 as CEO and President of Materialink); Dkt. 21-1 (June 2023 email from Smith, signed as President of Materialink); Dkt. 49 (service of motion accepted in July 2024 by Smith as Materialink's registered agent).  While it may be the case that Smith had the ability to cause Materialink to comply with the Court's Orders, Warshaw Group has not presented such evidence to the Court.  Smith is cautioned, however, that he may be immediately held in contempt of court for Materialink's failure to comply with the June 3 and November 14 Orders, should the Court find that he failed to take appropriate action within his power that would have caused Materialink to comply with those Orders.  Upon finding Smith in contempt, the Court may order him to pay a fine or may order his imprisonment.  *See, e.g.*, *Benthos Master Fund, Ltd. v. Etra*, No. 20 Civ. 3384 (VEC), 2022 WL 17819592, at *18 (S.D.N.Y. Dec. 20, 2022) (concluding that "arrest was an appropriate coercive sanction" for an individual who failed to comply with an information subpoena issued after judgment).

      Warshaw Group may make a new application to the Court for sanctions after September 6, 2025, should it seek further coercive sanctions beyond that date.  Should Warshaw Group again seek sanctions against Smith, it should be prepared to present evidence that would allow the Court to conclude that Smith has the ability to cause Materialink to comply with the Court's Orders.  The

Court again reserves its jurisdiction to award any appropriate fees and costs incurred by Warshaw Group in connection with Materialink's noncompliance with the subpoena.

Warshaw Group shall serve its information subpoena once again, along with the instant Order, on Materialink via first-class mail, with a return receipt requested, and via email no later than June 25, 2025, and it shall file proof of service on the docket within two days of such service. Warshaw Group shall also personally serve the instant Order, the information subpoena, and copies of the Orders at Docket Numbers 44 and 50 on Smith no later than July 1, 2025, and it shall file proof of service on the docket within two days of such service.

SO ORDERED.

Dated: June 24, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge